UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 26-1762 PA (SSCx) | Date | March 13, 2026 |
|---|---|---|---|
| Title | Zionya Nolan v. MSC Cruises USA LLC, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | N/A | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**    IN CHAMBERS—ORDER TO SHOW CAUSE

Before the Court is a Complaint filed by plaintiff Zionya Nolan ("Plaintiff"). The Complaint names as defendants MSC Cruises USA, LLC ("MSC") and Aggreko, Inc. ("Aggreko") (jointly "Defendants"), and alleges claims for negligence, premises liability, product liability, and negligent infliction of emotional distress. According to the Complaint, Plaintiff suffered an injury while working on the pool deck stage of an MSC cruise ship during a music event in February 2024. The MSC vessel was either at sea near, or docked at, the Port of Miami, Florida at the time of the incident. The music event was organized by Cloud 9 Adventures. Plaintiff worked for Clair Global, which was responsible for installing and operating audio equipment for the event. Plaintiff alleges that Cloud 9 Adventures hired defendant Aggreko to provide, deliver, install, and maintain temporary power generators and electrical distribution systems to support the event, and that Agrekko was responsible for ensuring that all electrical equipment and power distribution systems were properly installed, grounded, tested, and safe for use. While assisting with stage setup, Plaintiff leaned against a metal stage leg and was electrocuted; Plaintiff alleges that her injuries have caused her significant pain and have impaired her ability to work.

According to the Complaint, Plaintiff is an "individual residing in Los Angeles County, California," MSC is "a corporation headquartered in Florida, engaged in the business of operating cruise ships in the United States," and Aggreko is "a corporation organized and existing under the laws of the United States . . . ." (Compl. ¶¶ 3–5.) The Complaint alleges that this Court has admiralty jurisdiction pursuant to 28 U.S.C. § 1333.[1] The Complaint also asserts

---

[1]    The Complaint also alleges the Court possesses diversity jurisdiction over this case pursuant to 28 U.S.C. § 1332. To establish diversity jurisdiction, Plaintiff must plausibly allege that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. See 28 U.S.C. § 1332; see also Academy of Country Music v. Continental Cas. Co., 991 F.3d 1059, 1068 (9th Cir. 2021). To establish citizenship for diversity

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 26-1762 PA (SSCx) | Date | March 13, 2026 |
|---|---|---|---|
| Title | Zionya Nolan v. MSC Cruises USA LLC, et al. | | |

that "[v]enue is proper in the Central District of California pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District, including Plaintiff's employment, injury-related consequences, and ongoing medical treatment" and that "[v]enue is also proper under 28 U.S.C. § 1391(b)(3) because Defendants are subject to personal jurisdiction in this District." (Id. ¶ 9.)

Although 28 U.S.C. § 1391(b) ordinarily governs venue in a civil action, cases falling under the Court's admiralty jurisdiction pursuant to 28 U.S.C. §§ 1333 and 1337 "are not considered 'civil actions' for purposes of venue under Section 1391." Matter of Star & Crescent Boat Co., Inc., 549 F. Supp. 3d 1145, 1154–55 (S.D. Cal. 2021), see 12 Charles A. Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 3142 (3d ed.). Instead, "[a]n admiralty or maritime claim under [Federal Rule of Civil Procedure] 9(h) is governed by 28 U.S.C. § 1390." Fed. R. Civ. P. 82; see also 28 U.S.C. § 1390(b) (providing that chapter "shall not govern the venue of a civil action in which the district court exercises the jurisdiction conferred by section 1333" except "as otherwise provided by law").

Section 9 of Rule F of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions provides:

> The complaint shall be filed in any district in which the vessel has been attached or the plaintiff seeks to limit liability; or, if the vessel has not been attached or arrested, then in any district in which the owner has been sued with respect to any such claim. When the vessel has not been attached or arrested to answer the matters aforesaid, and suit has not been commenced against the owner, the

purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the place they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). For the purposes of diversity jurisdiction, a corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business. See 28 U.S.C. § 1332(c); see also Indus. Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1092 (9th Cir. 1990). The citizenship of an LLC is the citizenship of its members. See Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens."). Here, the Complaint fails to adequately allege the citizenship of any party. As a result, Plaintiff has failed to meet her burden to establish the Court's diversity jurisdiction.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 26-1762 PA (SSCx) | | Date | March 13, 2026 |
|---|---|---|---|---|
| Title | Zionya Nolan v. MSC Cruises USA LLC, et al. | | | |

> proceedings may be had in the district in which the vessel may be, but if the vessel is not within any district and no suit has been commenced in any district, then the complaint may be filed in any district.  For the convenience of parties and witnesses, in the interest of justice, the court may transfer the action to any district; if venue is wrongly laid the court shall dismiss or, if it be in the interest of justice, transfer the action to any district in which it could have been brought.

Fed. R. Civ. P., Supp. R. F(9).  Thus, "in admiralty, an action may be brought against a corporation in any district court as long as the court has personal jurisdiction over it."  Star & Crescent Boat, 549 F. Supp. 3d at 1155 (quoting Amazon Produce Network, LLC v. NYK Line, 143 F. Supp. 3d 252, 254 (E.D. Pa. 2015), aff'd sub nom.  Amazon Produce Network, L.L.C. v. NYK Line, 679 F. App'x 166 (3d Cir. 2017)).

Courts have adopted a two-tiered approach to analyze whether a non-resident defendant's contacts with the forum state are sufficiently substantial so as to comport both with the Constitution and with traditional notions of fair play and substantial justice.  Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945).  This two-tiered approach involves a determination of whether a court has general or specific jurisdiction over a defendant.  See Panavision Int'l, L.P. v. Toeppen, 141 F.3d 1316, 1320 (9th Cir. 1998).  General jurisdiction exists when there are "substantial" or "continuous and systematic" contacts with the forum state, even if the cause of action is unrelated to those contacts.  Bancroft & Masters, Inc. v. Augusta Nat'l Inc., 223 F.3d 1082, 1086 (9th Cir. 2000) (citing Helicopteros Nacionales de Columbia, S.A. v. Hall, 466 U.S. 408, 415 (1984)).

"The inquiry whether a forum State may assert specific jurisdiction over a nonresident defendant 'focuses on the relationship among the defendant, the forum, and the litigation.'"  Walden v. Fiore, 571 U.S. 277, 283–84 (2014) (quoting Keeton v. Hustler Magazine, Inc., 465 U.S. 770, 775 (1984)).  "For a State to exercise jurisdiction consistent with due process, the defendant's suit-related conduct must create a substantial connection with the forum State."  Id. at 284.  In analyzing the relationship between the defendant, the forum, and the particular lawsuit, "the relationship must arise out of contacts that the 'defendant himself' creates with the forum State" and that analysis "looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there."  Id. at 284–85; see also id. at 285 ("[T]he plaintiff cannot be the only link between the defendant and the forum.  Rather, it is the defendant's conduct that must form the necessary connection with the forum State that is the basis for its jurisdiction over him."); id. at 286 ("To be sure, a defendant's contacts with the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 26-1762 PA (SSCx) | Date | March 13, 2026 |
|---|---|---|---|
| Title | Zionya Nolan v. MSC Cruises USA LLC, et al. | | |

forum State may be intertwined with his transactions or interactions with the plaintiff or other parties. But a defendant's relationship with a plaintiff or third party, standing alone, is an insufficient basis for jurisdiction.").

Here, the conclusory allegations in the Complaint do not suffice to show that this Court possesses general or specific personal jurisdiction over either Defendant, nor do the allegations establish that venue is proper in the Central District of California (the "Central District"). The Complaint does not allege any facts to suggest that either Defendant is located in, or conducts any business in, the Central District or the State of California. Plaintiff was not employed by either Defendant, and the alleged incident giving rise to Plaintiff's claims occurred in or around Miami, Florida. The Complaint fails to allege any connection between either Defendant and the Central District or the State of California apart from their contact with Plaintiff in connection with the alleged incident.

Accordingly, the Court orders Plaintiff to show cause why this action should not be dismissed without prejudice for lack of personal jurisdiction. The Court additionally orders Plaintiff to show cause why venue is proper in the Central District, and why this action should not be dismissed or transferred to the United States District Court for the Southern District of Florida (the "Southern District of Florida") or another district for the convenience of the parties and witnesses, and in the interest of justice. See Fed. R. Civ. P., Supp. R. F(9); 28 U.S.C. §§ 1404, 1406; see also Charles A. Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 3142 (3d ed.) (explaining that transfer provisions of 28 U.S.C. § 1404(a) apply to admiralty and maritime claims).

Plaintiff's written response to the Order to Show Cause shall not exceed 15 pages. All factual matters relied upon in the submission must be supported by appropriate declarations and admissible evidence. To assist the Court in determining whether transfer is appropriate and in the interest of justice, Plaintiff is directed to address the following:

1.     Whether this action could have been brought in the Southern District of Florida;

2.     Whether this action could have been brought in any other United States District Court for a District other than the Central District, and if so, which District(s);

3.     What contacts, if any, each of the parties has to the Central District, the Southern District of Florida, and any other District in which venue might be appropriate. The parties should include information regarding the location of their

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 26-1762 PA (SSCx) | | Date | March 13, 2026 |
|---|---|---|---|---|
| Title | Zionya Nolan v. MSC Cruises USA LLC, et al. | | | |

administrative offices, real property, sources of revenue, and points of public contact;

4.   What specific facts, if any, establish that a Court within the Central District possesses personal jurisdiction over Defendants;

5.   Which witnesses are expected to be called and where they reside;

6.   The availability of compulsory process to compel attendance of unwilling non-party witnesses in the Central District as compared to another proper venue;

7.   The ease of access to sources of proof in each proper forum;

8.   The expected difference in the cost of litigation in the Central District as compared to the Southern District of Florida and any other proper forum; and

9.   Whether there are any alternative forums that would be more convenient for this action, keeping in mind the inquiries above.

Plaintiff is ordered to personally serve a copy of this Order on any defendant that has already been served with the Complaint within three (3) court days of the date of this Order or at the time of service for any defendant that has not already been served. Plaintiff is ordered to file its Response to this Order no later than April 6, 2026. Each defendant may file a Response, which shall not exceed 15 pages, by the latter of either April 20, 2026 or 21 days after the defendant is served with the Summons and Complaint. Failure to timely and adequately respond to this Order may, without further warning, result in the dismissal of this action without prejudice or transfer of this action.

IT IS SO ORDERED.